**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM E. GONZALEZ,<br><br>          Plaintiff,<br><br>v.<br><br>PEOSH *et al.*,<br><br>          Defendants. | Civil Action No. 21-18966 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

      This matter comes before the Court on Defendants Public Employees Occupational Safety and Health ("PEOSH"), Thomas Lipski ("Lipski"), and Thomas Wilson's ("Wilson," and collectively, "Defendants") Motion to Dismiss pro se Plaintiff William E. Gonzalez's ("Gonzalez") Complaint. (ECF No. 7.) Gonzalez opposed (ECF No. 8), and Defendants replied (ECF No. 9). Also before the Court is Gonzalez's Motion for Summary Judgment (ECF No. 10), to which Defendants opposed (ECF No. 12), and Gonzalez replied (ECF No. 13). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies both Motions for want of subject matter jurisdiction.

I.  **BACKGROUND**[1]

This case finds its backstory in a related automobile accident case. There, Gonzalez sued East Windsor Township ("East Windsor") and Mayor Janice S. Mironov ("Mironov") "to compel [Mironov] and East Windsor Township to install a guardrail on Woods Road so no further accident[s] and/or injuries [will] occur." (Compl. 4, *Gonzalez v. East Windsor*, No. 20-15113 (D.N.J.), ECF No. 1.)[2] Gonzalez sued the pair after a crash caused his car to careen into a watery ditch alongside Woods Road. (*Id.* at 3.) Gonzalez alleges that a deer was the culprit: a driver swerved to avoid the deer, then overcorrected to avoid the ditch, and then rammed Gonzalez's car into the ditch. (*Id.*) According to Gonzalez, all of this would have been avoided had East Windsor installed a guardrail on Woods Road. (*See id.* at 4.) That case is still pending, and the parties have not yet engaged in motion practice on the merits.

About a year after suing East Windsor and Mironov, Gonzalez decided to take his ditch dispute statewide. In this case, Gonzalez sues PEOSH, an agency within the New Jersey Department of Labor that is the state equivalent of the federal Occupational Safety and Health Administration, and two of its employees (Lipski and Wilson). Gonzalez's Complaint alleges that Gonzalez had several meetings with Lipski and Wilson, where they denied Gonzalez's request to inform East Windsor of its "violation of the OSHA 4 foot fall protection statute" under PEOSH's "obligation to advise them [sic] of said violation." (Compl. 3, ECF No. 1.) The Complaint requests that this Court "compel PEOSH to notify [East Windsor] of its continued violation of the law" and

---

[1] The Court accepts all well-pleaded factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

[2] For good measure, Gonzalez also sought $150,000 for the "total loss of [his] vehicle not covered by [his] insurance" and $11 million against the Township and Mironov for their "wilful [sic] gross negligence." (*Id.*)

"compel PEOSH to require a guardrail be installed at [the] violation site." (*Id.* at 4.) That relief, according to Gonzalez's Complaint, will stop vehicles from "continu[ing] to fall in a deep ditch." (*Id.*)

Defendants greeted Gonzalez's Complaint with a motion to dismiss. There, Defendants argued that the Court must dismiss Gonzalez's Complaint for failure to state a claim because PEOSH has no jurisdiction or statutory authority over road safety matters. (*See generally* Defs.' Mot. to Dismiss, ECF No. 7.) After the parties completed briefing on that motion, Gonzalez filed a motion for summary judgment, where he maintained his position that PEOSH had jurisdiction over East Windsor's roads. (*See generally* Pl.'s Mot. for Summ. J., ECF No. 10.) Defendants retorted that Gonzalez's motion was procedurally improper. (*See generally* Defs.' Opp'n Br. to Mot. for Summ. J., ECF No. 12.) Both motions are now ripe for resolution.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, "a litigant is not absolved from

complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B.     Rule 56**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law identifies what facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" dispute "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." *Williams v. Borough of West Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (citation omitted).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *See Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court will not "weigh the evidence and determine the truth of the matter" but will determine whether a genuine dispute necessitates a trial. *Anderson*, 477 U.S. at 249. The Court also will not "resolve factual disputes or make credibility determinations." *Rhodes v. Marix Servicing, LLC*, 302 F. Supp. 3d 656, 661 (D.N.J. 2018) (quoting *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995)). Although the moving party bears the initial burden of showing the absence of a genuine dispute of material fact, meeting this obligation shifts the burden to the non-moving party to "set forth specific facts showing that there is a genuine [dispute] for trial." *Anderson*, 477 U.S. at 250.

The Court must grant summary judgment if the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine dispute of material fact exists. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) (citation omitted). Furthermore, "a party does not raise a genuine [dispute] of material fact by speculation and conclusory allegations." *Dunkin' Donuts Inc. v. Patel*, 174 F. Supp. 2d 202, 210 (D.N.J. 2001) (citation omitted).

## III.  DISCUSSION

The parties ask the Court to weigh in on whether a state labor agency has jurisdiction over a local roadway abutting a ditch. The Court analyzes two threshold jurisdictional elements first—whether Gonzalez has standing and whether Defendants have immunity.[3]

### A.  Gonzalez Lacks Article III Standing to Sue Defendants.

Rather than wade headlong into the muddy waters of the ditch, the Court must first assess what causes of action the Complaint asserts. The Complaint asserts no clear causes of action and instead asks the Court for twin declarations—first, that Defendants have a legal duty to inform East Windsor of OSHA violations and second, that Defendants must require East Windsor to install a guardrail on Woods Road. Liberally construing Gonzalez's Complaint, the Court gleans two causes of action under the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201. Under the

---

[3] The Court need only summarily address Gonzalez's motion for summary judgment. That motion is premature. *See In re Avandia Mktg., Sales & Prods. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019) ("If discovery is incomplete, a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law." (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015))). It is also procedurally defective because it fails to include a statement of undisputed material facts. *See* L. Civ. R. 56.1(a) ("A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed."). Further, in all events, as the Court will explain below, the Court lacks jurisdiction over Gonzalez's motion.

Act, the Court "may declare the rights and other legal relations of any interested party seeking [a] declaration" so long as a plaintiff brings "a case of actual controversy." 28 U.S.C. § 2201(a).

That latter condition proves fatal to Gonzalez's declaratory relief. To start, as the statutory language implies, actions under the Act are "limited to cases and controversies in the constitutional sense." *Wyatt, V.I., Inc. v. Gov't of the Virgin Islands*, 385 F.3d 801, 805 (3d Cir. 2004).[4] To have standing to bring declaratory judgment actions, plaintiffs must allege "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Khodara Env't Inc. v. Blakey*, 376 F.3d 187, 193-94 (3d Cir. 2004) (quoting *St. Thomas-St. John Hotel & Tourism Ass'n v. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000)). The Third Circuit has concentrated that inquiry into the more traditional injury-in-fact analysis, whereby "a plaintiff must establish that he or she has suffered an 'injury in fact' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Bauer v. Mortg. Elec. Registration Sys., Inc.*, 618 F. App'x 147, 149 (3d Cir. 2015) (quoting *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 542 (3d Cir. 2011)); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 365 n.22 (3d Cir. 2014) ("[W]e have often framed the [declaratory judgment standing] inquiry as part of the injury-in-fact analysis.").

Gonzalez's Complaint fails to meet these constitutional mandates. It does not allege that the parties have a substantial controversy involving adverse legal interests because it alleges no facts showing that PEOSH—a state labor agency—has jurisdiction over private drivers on East Windsor's local roads. *See* N.J. Stat. Ann. § 34:6A-26 (West 2022) ("The Legislature finds that

---

[4] The Court must address standing first because standing is a threshold Article III requirement for any action in federal court. *See Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 175 (3d Cir. 2001) ("Constitutional standing is a threshold issue that we should address before examining issues of prudential standing and statutory interpretation.").

the safety and health of *public employees in the workplace* is of primary public concern." (emphasis added)). The Complaint does not allege that Gonzalez is a state employee; to the contrary, it asserts that he is a Florida resident. (Compl. 5.) In addition, the Complaint's allegations undermine PEOSH's jurisdiction over Woods Road as it alleges that Lipski and Thomas told Gonzalez that the agency could not do what Gonzalez requested. (Compl. 3.) Boiled down, the Complaint's only cognizable adversity is Gonzalez's disagreement with Lipski's and Thomas's explanations for why PEOSH does not have jurisdiction. But an unadorned disagreement cannot render the parties adverse or the controversy substantial. Indeed, Gonzalez does not seek a declaration interpreting PEOSH's governing statute to extend to public roadways. In addition, even if Gonzalez had so alleged, at a high level, PEOSH's and Gonzalez's interests align: Gonzalez would like a state authority to compel East Windsor to make its road safer and PEOSH would like to expand its jurisdiction to public roads. These types of non-adverse and academic disputes are precisely the ones that are inappropriate for federal-court intervention.

Nor does the Complaint allege facts showing that this dispute is of sufficient immediacy and reality. That is because, at bottom, Gonzalez bases this dispute on a hypothetical set of facts that may never occur. *But see Lanin v. Borough of Tenafly*, No. 12-2725, 2014 WL 31350, at *13 (D.N.J. Jan. 2, 2014) ("Even when the claim is for a declaratory judgment or injunction, standing requirements dictate that the issue presented must be more than an 'abstract, hypothetical or contingent' one." (quoting *St. Thomas-St. John Hotel*, 218 F.3d at 240)). The Complaint asserts that PEOSH's failure to instruct East Windsor on the law and to install a guardrail will lead to future injuries at the ditch. But the sequence of events linking PEOSH's actions to an injury at the ditch is speculative at best. *First*, regardless of PEOSH's actions, East Windsor cannot independently install a guardrail. *Second*, other drivers must get into a car crash on Woods Road.

*Finally*, at least one of those drivers must fall prey to the ditch—at the site where a guardrail may have stopped that watery fate from occurring. The Complaint asserts no facts tying these contingencies together. *See Aliperio v. Bank of N. Am., N.A.*, No. 16-1008, 2016 WL 7229114, at *15-16 (D.N.J. Dec. 13, 2016) (granting motion to dismiss action requesting declaratory and injunctive relief because "[p]laintiffs have . . . failed to allege that they are threatened with an imminent future injury"). Nor could it as Gonzalez's own experience on Woods Road illustrates just how unlikely this set of facts is to recur. In Gonzalez's case, a deer caused a car to swerve once toward the ditch and then swerve yet again into his car, ultimately pushing his car into the ditch. (Compl. 3, *East Windsor*, No. 20-15113.) Nothing in Gonzalez's Complaint shouts a call to action for a federal court. *Cf. Armstrong World Indus., Inc. ex rel. Wolfson v. Adams*, 961 F.2d 405, 411-12 (3d Cir. 1992) ("Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." (citing *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 648 (3d Cir. 1990))).

      **B.**      **Defendants Enjoy Immunity Under the Eleventh Amendment.**

A separate reason bars Gonzalez's foray in federal court. Under the Eleventh Amendment, private parties cannot sue states in federal court. *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). "This immunity extends to state agencies and departments." *Id.* (citing *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000) (en banc)); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). PEOSH is part of the New Jersey Department of Labor. N.J. Stat. Ann. § 34:6A-28. As an agency of New Jersey, Eleventh Amendment sovereign immunity shields the Department of Labor from Gonzalez's suit. *See Rothman v. New Jersey*, No.

8

19-13011, 2020 WL 409757, at *3 (D.N.J. Jan 24, 2020) (reasoning that the New Jersey Department of Labor is an arm of the state that is immune from suit). That protection extends to Lipski and Thomas, which the Complaint appears to name in their official capacities. *Pennhurst State Sch. & Hosp.*, 465 U.S. at 121 ("[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment."). Further, although the Supreme Court has carved out narrow exceptions to the Eleventh Amendment, Gonzalez's Complaint fails to allege any of them, and the Court is not aware of any that could confer jurisdiction. *See, e.g., Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) ("The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court.").

## IV.     CONCLUSION

The Court lacks jurisdiction to hear this dispute and accordingly dismisses Gonzalez's Complaint. An order consistent with this Memorandum Opinion will follow.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE